UNION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15630. Promulgated January 15, 1929.

*David J. Shorb, Esq.,* and *Ben Jenkins, Esq.,* for the petitioner. *Brice Toole, Esq.,* for the respondent.

OPINION.

PHILLIPS: The first question with which we are concerned is the value on July 7, 1913, of two leaseholds which constituted a part of the assets assigned to petitioner in exchange for its capital stock. Under the provisions of section 326 of the Revenue Act of 1921, petitioner is entitled to include the actual cash value thereof in the computation of its invested capital, and under the provisions of section 214 (a) (8) is entitled, in computing taxable net income, to deduct a reasonable allowance for the exhaustion of such assets. *Hotel De France Co.*, 1 B. T. A. 28; *Grosvenor Atterbury*, 1 B. T. A. 169. For the purpose of proving the value of such leaseholds petitioner adduced by deposition the evidence of two real estate dealers. The first of these witnesses expressed the opinion that these leaseholds had a value of from $75,000 to $85,000 at the basic date. His testimony was based upon his recollection of the results of certain computations which he had made at a previous time, which computations had been lost and the basis of which he was unable to recall. It does not appear that in making such computations he had the leases before him or was familiar with all of their terms. The question put to him, in answer to which he stated his opinion of the value of these leases, failed to state the terms of the leases. Without the lost computation he was unable to state the basis upon which he arrived at the value which he assigned to these leases.

The second witness expressed his opinion that the leaseholds had a value at the basic date of $100,000, but his testimony was badly shaken upon cross-examination, and the value assigned does not appear to be supported by his testimony with reference to other leaseholds made about the same time and upon the basis of which he testified he arrived at his value. The weight to be attached to his testimony may perhaps be gained from the following statement made on cross-examination:

I told you I did not have any time to prepare anything this morning or last night. A fellow walks in on me at half past five or a quarter after five and calls me in here this morning, and I am liable to make some slight error in a complicated thing like this, not knowing the particular circumstances.

We are not satisfied to accept the valuation placed upon these leaseholds by either of these witnesses. We are satisfied, however, that these leases, executed several years prior to 1913, did have a substantial value in the latter year as shown by leases executed at or about that time on the other property in the neighborhood. Considering

the testimony regarding such other leases and the fact that Levy, a week or two prior to the assignment of these leases to the petitioner, had purchased the one-half interest of his partner at its book value plus $10,000, we are of the opinion that on July 7, 1913, these leaseholds had an actual cash value of $35,000. Invested capital and taxable net income should be adjusted accordingly.

The next issue relates to the action of the Commissioner in reducing the petitioner's invested capital for the fiscal year ended in 1921 for depreciation claimed to have been sustained between July 7, 1913, and January 31, 1916, and not written off on the books. While the depreciation charged off on the petitioner's books during that period would appear to have been insufficient, the uncontradicted testimony is that there were additions made during that period which were never added to the account and which, together with the depreciation written off, were sufficient to maintain the assets at the figure carried on the books. In such circumstances we are of the opinion that the Commissioner erred in reducing invested capital for alleged insufficient depreciation. *Cleveland Home Brewing Co.*, 1 B. T. A. 87; *Russell Milling Co.*, 1 B. T. A. 194; *Rub-No-More Co.*, 1 B. T. A. 228; *City National Bank*, 2 B. T. A. 623.

The petitioner also alleged that the Commissioner committed error in failing to allow depreciation upon plumbing, heating and lighting system, and elevators in its new building at the rate of 10 per cent per annum and upon the remaining cost at 3 per cent per annum. The Commissioner allowed a composite rate of 3 per cent upon the entire cost of the building, including the installations in question. The statute provides that a reasonable allowance shall be made for depreciation. Here the only testimony that we have is that during 1922 and 1923 certain sums were expended for the installations in question, and that these have a life of from 10 to 12 years. This is insufficient to establish any error on the part of the Commissioner in allowing a composite rate of 3 per cent upon the cost of the entire building. In attacking a composite rate of depreciation it is not sufficient that the petitioner may be able to pick out certain parts and prove that if such parts were considered separately a greater depreciation rate should be allowed. The composite rate is based upon an average life for all of the parts and until error in the average is shown there is no basis upon which it can be said that the amount allowed is not reasonable.

*Decision will be entered under Rule 50.*